IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PLASTIPAK PACKAGING, INC., | ) |
| Plaintiff, | ) |
| v. | ) 2:99-cv-245 |
| FREDERICK PETER DEPASQUALE, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Pending before the Court is the MOTION FOR RECONSIDERATION OF THE COURT'S JANUARY 27, 2009 MEMORANDUM ORDER (Document No. 176) filed by Plaintiff Plastipak Packaging, Inc. ("Plastipak"). Plaintiff also filed a Supplement thereto (Document No. 177). Defendant filed a response (Document No. 178) and the motion is ripe for disposition.

This case started as a vendor/customer dispute but has evolved into a tortuous, decade-long effort by Plastipak to satisfy the judgment it obtained against Frederick Peter DePasquale ("Mr. DePasquale" or "Defendant"). In a Memorandum Order dated January 29, 2008 (the "January 29 Order"), the Court denied Plaintiff's Motion for Leave to Permit Execution Upon Funds Transferred to Life Insurance Policy and denied Plaintiff's Motion for Entry of Case Management Order.

The applicable standard for evaluating a motion for reconsideration is summarized in *Tom Brown Contracting, Inc. v. Wesport Ins. Co.*, 2007 WL 966743 (W.D. Pa. 2007):

> Motions for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure are granted sparingly "[b]ecause federal courts have a strong interest in finality of judgments." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F.Supp. 938, 943 (E.D.Pa.1995). As the United States Court of Appeals for the Third Circuit has noted, the purpose of a motion for reconsideration is "to correct

manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999) ( *quoting Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985)). "[J]udgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id., citing North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995). However, "[a] motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Id., citing Abu-Jamal v. Horn*, No. CIV. A. 99-5089, 2001 WL 1609761, at *9 (E.D.Pa. December 18, 2001).

Plastipak has not explicitly cited to any of these grounds. Rather, Plaintiff now contends that the Court's Order "leaves unresolved the factual issue of whether Mr. and Mrs. DePasquale intended to sever their entireties interest in the funds transferred to the Penn Mutual Life Insurance Company." Plaintiff also argues that it was deprived of a full opportunity to present evidence regarding intent and that its request to take the depositions of the DePasquales was not untimely.

As an initial matter, the Court adheres to its decision to deny Plastipak's motion for entry of a case management order. As explained in the January 29 Order:

> During a telephone conference on April 11, 2008, counsel for both parties requested that the oral argument be postponed indefinitely so that the parties could attempt to stipulate to the relevant facts. Some six months later, on October 10, 2008, the parties filed a Joint Motion for Proposed Briefing Schedule (Document No. 158) and a Stipulation of Facts (Document No. 159). . . . Neither party informed the Court that further factual development was necessary, nor did either party object to the content of the Stipulation of Facts.

In particular, after the joint Stipulation of Facts was filed, Plastipak failed to inform the Court that it was still essential, in its view, to take the depositions of the DePasquales. Instead, Plastipak complied with the joint briefing schedule. The Motion for Entry of Case Management

2

Order was not filed until December 23, 2008, eight days after Plastipak filed its Reply Brief. Plaintiff's motion relied on Federal Rule of Civil Procedure 43(c). The Court considered Plaintiff's request, quoted Rule 43(c), and recognized its "broad discretion" in evaluating such requests to "turn a deaf ear" where the request for an evidentiary hearing was not timely requested. *See Sunseri v. Macro Cellular Partners*, 412 F.3d 1247, 1249-50 (11th Cir. 2005). The Court ultimately concluded that it would decide this action in accordance with the stipulated factual record and briefing schedule which were jointly agreed upon by the parties.

The Court also rejects Plaintiff's contention that the January 29 Order leaves "unresolved" the factual issue of whether Mr. and Mrs. DePasquale intended to sever their entireties interest. As the Court thoroughly explained, there was no evidence that the proceeds at issue ever became Mr. DePasquale's property, but even assuming *arguendo* that Mr. DePasquale took unilateral action and had the intent to sever the entireties interest, Plastipak's claim was still without merit:

> In any event, the transaction of which Plastipak complains did not sever the entireties ownership of the Arbitration Proceeds because the action inured to the benefit of both spouses, and particularly, Mrs. DePasquale. Mr. DePasquale did not take funds *out* of the insurance policy for his own use, but rather, the Arbitration Proceeds were used to put funds back *into* the policy. This action restored the value of the Penn Mutual Policy for the benefit of Mrs. DePasquale as she was the sole designated beneficiary of the policy. *See Plastipak Packaging, Inc. v. DePasquale*, 75 Fed. Appx. 86, 93 (3d Cir. 2003) (reasoning that Plastipak could execute on policy loans "because they are no longer being held in the life insurance policy for the benefit of DePasquale's wife."). Thus, repayment of policy loans did not sever the entireties ownership of the Arbitration Proceeds.

Moreover, the Court explained that there was no basis to conclude that Mrs. DePasquale ever acted to sever the entireties ownership. The proceeds at issue were: (1) in the form of a check made out to Mrs. DePasquale; (2) deposited into a joint checking account; and (3) sent to Penn

3

Mutual to restore the value of Mrs. DePasquale's interest as a death beneficiary. Plastipak's argument that these proceeds somehow became the sole property of Mr. DePasquale borders on the frivolous. The Court adheres to the analysis in the January 29 Order.

Finally, in a footnote, Plaintiff suggests that "it is apparent that the Court considered facts and issues that were outside the scope of the stipulated facts," citing as its only example "the October, 2003 sale of the property to Mrs. DePasquale individually." Motion at 2 n. 1. The Court cannot agree with Plaintiff. To the contrary, the Court specifically stated in the January 29 Order that: "The factual background is taken from the Stipulation of Facts." The Court's discussion of the October 2003 transfer of property to Mrs. DePasquale was based directly on Paragraph 11 of the Stipulation of Facts, which states, in relevant part: "The arbitration involved commercial property that Mr. and Mrs. DePasquale had owned prior to October 28, 2003, but which Mrs. DePasquale owned as an individual thereafter." This umpire is not going to reverse its call: the base-runner is still "safe."

In accordance with the foregoing, the MOTION FOR RECONSIDERATION OF THE COURT'S JANUARY 27, 2009 MEMORANDUM ORDER (Document No. 176) filed by Plaintiff Plastipak Packaging, Inc. is **DENIED**.

SO ORDERED this 27th day of February, 2009.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Nicholas P. Vari, Esquire
Email: nvari@klng.com
Timothy M. Strong, Esquire
Walter A. Bunt, Jr., Esquire
Eric R.I. Cottle, Esquire
Email: kleservice@klng.com

Michael R. Plummer, Esquire
Email: mplummer@tcslawfirm.com